IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVERINO L. ESTILLORE, JR., | CASE NO. CV F 10-1243 LJO GSA |
| Plaintiff, | **ORDER TO DISMISS REMAINING DEFENDANTS** (Doc. 19.) |
| COUNTRYWIDE BANK FSB, et al., | |
| Defendants. / | |

### BACKGROUND

This Court's January 28, 2011 order ("January 28 order") dismissed with prejudice defendants Countywide Bank FSB and Mortgage Electronic Registration Systems, Inc. and noted irreparable deficiencies in the operative complaint of plaintiff Severino L. Estillore, Jr. ("Mr. Estillore"). The January 28 order required Mr. Estillore, no later than February 11, 2011, to file papers to show cause why this Court should not dismiss this action against remaining defendantsFirst Mutual Mortgage, Inc. and Financial Title Co. The January 28 order "**ADMONISHES Mr. Estillore that this Court will dismiss this action against defendants First Mutual Mortgage, Inc. and Financial Title Co. if Mr. Estillore fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendants First Mutual Mortgage, Inc. and Financial Title**

1

**Co.**" (Bold in original.) Mr. Estillore filed no papers to address why this Court should not dismiss defendants First Mutual Mortgage, Inc. and Financial Title Co.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as Mr. Estillore indicates a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The January 28 order "**ADMONISHES Mr. Estillore that this Court will dismiss this action against defendants First Mutual Mortgage, Inc. and Financial Title Co. if Mr. Estillore fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendants First Mutual Mortgage, Inc. and Financial Title Co..**"  (Bold in original.)  Mr. Estillore ignored the January 28 order in failing to address why defendants First Mutual Mortgage, Inc. and Financial Title Co. should not be dismissed.  As such, Mr. Estillore disobeyed the January 28 order despite adequate warning that dismissal will result from disobedience of this Court's order.

Moreover, the January 28 order demonstrates that Mr. Estillore lacks a viable claim under his complaint's theories.  This Court construes absence of a response to the January 28 order as a concession that Mr. Estillore lacks viable claims against defendants First Mutual Mortgage, Inc. and Financial Title Co..  As detailed in the January 28 order, the complaint's claims fail as barred legally.  Mr. Estillore lacks a viable claim.

This Court surmises that Mr. Estillore pursues this action in absence of good faith and that Mr. Estillore exploits the court system solely for delay or to vex defendants.  The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant."  *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court.  *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).  An attempt to vex or delay provides further grounds to dismiss this action against Cal-Western.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.     DISMISSES this action without prejudice against defendants First Mutual Mortgage, Inc.

3

1 | and Financial Title Co.; and
2 | 2. DIRECTS the clerk to enter judgment in favor of defendants First Mutual Mortgage, Inc. and Financial Title Co. and against plaintiff Severino L. Estillore, Jr. and to close this action.

IT IS SO ORDERED.

Dated:   **February 14, 2011**               /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE